[No. 5662.]

TAYLOR v. KELLEHER.

1. **Counties — County Commissioners — Power to Compromise Judgments.**

The board of county commissioners, as the officers authorized by law to transact the business of the county, is vested with discretion to make such settlement and compromise of a judgment in favor of the county as it thinks best.—P. 427.

2. **Payment—Recovery—"Involuntary Payment"—Duress.**

Plaintiff was appointed an assistant district attorney by the county commissioners to collect bonds in criminal cases, and, in this capacity, had property of defendant's surety sold under

execution to satisfy a judgment of $275.85 for fees and costs, and then bought in the property as trustee for the county. Later, the county commissioners compromised the judgment for $25, and requested plaintiff to assign the certificate of purchase to the surety's wife, which at first he refused to do, and only complied after his salary had been withheld for two months; and, on the same day, he paid into the county treasury the balance of the judgment and costs, but it did not appear that such payment was in any manner coerced, requested, or even known to defendant, or to the board of county commissioners. Held, that such payment was a purely voluntary transaction upon the part of plaintiff, and was not made under duress so as to warrant recovery.—P. 427.

*Error to the County Court of the City and County of Denver.*

*Hon. H. V. Johnson, Judge.*

Action by David G. Taylor against Con. J. Kelleher. From a judgment of nonsuit, plaintiff brings error.　　　　　　　　　　　*Affirmed.*

Mr. D. G. Taylor, for plaintiff in error.

Mr. Geo. P. Steele, for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

In 1901, plaintiff in error was appointed by the county commissioners of the then County of Arapahoe an assistant in the office of the district attorney, to collect bonds in criminal cases. In January of that year, defendant in error was convicted in the criminal court of the county of a criminal offense and fined in the sum of $200 and costs, and sentenced to jail for six months.

Defendant in error, by executive clemency, was relieved of the imprisonment, and, pursuant to the provisions of Mills' Ann. Stats., § 1473, replevied the judgment for the fine and costs by giving a bond as required by the terms of the statute. The fine not

having been paid at the expiration of five months, plaintiff in error caused an execution to be issued and levied upon the property of the surety, and the property sold to satisfy the judgment and costs, amounting to the sum of $275.85. At the sale, plaintiff in error bid in the property as trustee for Arapahoe county, and a certificate of purchase and sale was issued to plaintiff in error as trustee.

In May, 1902, the chairman of the board of county commissioners requested the district attorney to direct plaintiff in error to assign the certificate of purchase to the wife of the surety on the bond, in consideration of the payment of the sum of $25 to the county, pursuant to action of the board of county commissioners in the matter. On that day plaintiff in error assigned the certificate as directed by the order of the board of county commissioners, and upon the same day paid to the county treasurer of Arapahoe county the sum of $250.85, being the balance of the judgment and costs against the defendant in error.

It appears from the evidence that plaintiff in error refused to assign the certificate of purchase held by him as trustee when first requested so to do, and only did so after payment of his salary had been withheld for two months; plaintiff in error contending that the assignment of the certificate as directed by the order of the board of county commissioners was pursuant to a conspiracy between defendant in error, the board of county commissioners and the county attorney, to defraud the county of the balance of the judgment.

At the trial below, defendant in error introduced no testimony, and did not cross-examine the witnesses introduced by plaintiff in error, and, at the conclusion of the testimony, interposed a motion for nonsuit, which was granted.

Plaintiff in error insists that the payment by him to the county treasurer of Arapahoe county of the sum of $250.85 was involuntary upon his part, made under duress, and, in pursuance of a conspiracy to defraud the county, formed between defendant in error and the officers of the county, and that defendant in error, as one of the conspirators, is liable to him for the amount which he paid to the county treasurer.

With the motives which actuated the county commissioners, who compromised the judgment against defendant in error, we have no concern; as the officers authorized by law to transact the business of the county, they were vested with discretion to make such settlement and compromise of the judgment as to them seemed best; their action in the matter completely protected plaintiff in error from any charge or implication of fraud, if there was any fraud involved in the transaction. As an employee of the board, it was the duty of plaintiff in error to comply with the orders of the board. There is absolutely nothing in the record to indicate that the payment of $250.85 to the county treasurer by the plaintiff in error was in any manner coerced, requested or even known to the defendant in error or the board of county commissioners; it was a purely voluntary transaction upon his part, and his contention that the same was made under duress is entirely without merit.

"To constitute the coercion or duress which will be regarded as sufficient to make a payment involuntary, * * * there must be some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means of immediate relief than by making the payment. As stated

by the court of appeals of Maryland, the doctrine established by the authorities is, that 'a payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid' (citing cases)."—*Radich v. Hutchins,* 95 U. S. 210, 213.

"The general doctrine has been frequently announced that a payment is not to be regarded as compulsory unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid, or to prevent a seizure by a party armed with apparent authority to seize the property."—22 Am. & Eng. Enc. Law 613.

Plaintiff in error failed to bring his case within the principle announced by the above authorities; no error was committed by the court in granting the motion for a nonsuit, for which reason the judgment must be affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.